## George W. Beals *vs.* Otis Merriam & others.

In a suit against A. for goods sold to B., his agent, the burden is on the plaintiff, to prove, not only that B. was the agent of A., but that he sold the goods to B. on A.'s account.

Assumpsit for chair planks sold and delivered by the plaintiff to Philip R. Merriam, as agent of the defendants, in 1839.

At the trial in the court of common pleas, before *Merrick,* J. the plaintiff, for the purpose of proving P. R. Merriam's agency for the defendants, gave in evidence the following paper: " Ashburnham, April 20th 1837. We hereby constitute and appoint Philip R. Merriam our agent to manage and dispose of any property, which he has this day assigned to us for the benefit of his creditors, and to make all contracts concerning the same, in the same manner that we or either of us might; to employ workmen, and procure materials for completing the manufacture of chairs, or any other articles assigned to us, as aforesaid." (Signed by all the defendants.)

It was in evidence, and was admitted, that said P. R. Merriam, before the 20th of April 1837, did business in Ashburnham, in his own name, manufacturing chairs, and disposing of them, .o a large amount, and was otherwise extensively in business; that he, on said 20th of April, made an assignment, at common law, of all his property, including chair stock, to the defendants, for the benefit of all his creditors who should execute said assignment, within a certain time therein mentioned; that the defendants accepted said trust, by signing the instrument of assignment, and thereupon, at the same time, gave to said P. R. Merriam the aforesaid written authority.

The plaintiff introduced evidence tending to prove that said Merriam, from and after said 20th of April 1837, continued to .manufacture and dispose of chairs, at his former places of business, up to April 9th 1840, working up his old stock, and procuring new; that he, in the summer of 1839, called on the plaintiff, and purchased of him the chair planks for the price of which this action was brought; and that, upon the plaintiff's

objecting to trust him for said planks, he said he did not wish the plaintiff to trust him in his private capacity, but as agent of the defendants, and showed to the plaintiff the written authority aforesaid ; and that the plaintiff thereupon delivered the planks to him, at his usual place of business.

The plaintiff also introduced evidence tending to prove that said Merriam and the defendants, on divers occasions, and with divers other persons, from April 20th 1837 to April 9th 1840, recognized said agency, and dealt accordingly. Some evidence was also introduced, tending to prove that said Merriam, during the time aforesaid, acted as the general agent of the defendants, with their knowledge and consent, in manufacturing chairs.

The defendants then introduced evidence tending to prove that soon after the aforesaid assignment of said Merriam's property to them, it was ascertained that his creditors were unwilling to come in, under that assignment, and that very few of them assented thereto ; that upon an investigation of his affairs, it was supposed that he had property sufficient to pay all his debts, and have a surplus left; that the defendants thought, and several of his creditors said, that it was advisable that he should manage his business, and pay his debts, as if no assignment had been made ; that he, soon after, in the course of about a year from said April 20th 1837, commenced doing business, at his former places of business, in his own name ; that he, from the year 1838 to April 1840, purchased large quantities of stock for chairs, manufactured the same, and disposed thereof, to the amount of $30,000, all in his own name, and not as agent of the defendants.

The defendants also gave evidence tending to prove that said Merriam bought of the plaintiff a large quantity of chair planks, in the summer of 1837, in his own name, and that the plaintiff trusted the said Merriam, in his individual capacity, for said planks, although said Merriam, at the time of said sale, showed to the plaintiff the written authority aforesaid : And that when said Merriam purchased the chair planks now in question, in 1839, the aforesaid authority was not shown

to the plaintiff; that nothing was said about agency; and that he intended to buy on his private account and credit, and did so, so far as he was concerned.

It also appeared in evidence, that said Merriam, on the 9th of April 1840, applied for the benefit of the insolvent law, and thereupon assignees of his estate were chosen, who took possession of all his property, which he had purchased in his own name, after April 20th 1837, and, among other property, what remained of the planks now in question.

The judge instructed the jury, (among other things,) that if they were satisfied, that said Philip R. Merriam was the authorized agent of the defendants, when said lumber was purchased, the defendants were liable, unless they proved that the plaintiff agreed to rely upon the agent; and that the burden of proving the latter was upon the defendants.

A verdict was found for the plaintiff, and the defendants alleged exceptions to the judge's instructions.

*N. Wood,* for the defendants.    The instructions were silent as to the only matter in dispute at the trial, namely, whether the plaintiff intended to sell to Merriam on his individual credit.    The burden of proving that he sold on the defendants' credit was clearly upon him.    *Powers* v. *Russell,* 13 Pick. 69.    *Manufacturers & Mechanics Bank* v. *Winship,* 5 Pick. 11.    *Phillips* v. *Ford,* 9 Pick. 39.    *Gilmore* v. *Wilbur,* 18 Pick. 517.    *Attleborough* v. *Middleborough,* 10 Pick. 378.

*C. Allen & F. A. Brooks,* for the plaintiff, cited Story on Agency, §§ 134, 261, 443, 446, 451.    1 Bell's Com. § 418. *Joyce* v. *Sims,* 2 Dall. 223.    *Anderson* v. *Highland Turnpike,* 16 Johns. 86.    *George* v. *Claggett,* 2 Esp. R. 557. *Waring* v. *Favenck,* 1 Campb. 85.

WILDE, J.    The only question submitted in this case is, whether the instruction of the court to the jury, as to the burden of proof, was correct.    The instruction was, that if the jury were satisfied that P. R. Merriam was the authorized agent of the defendants, when the lumber sued for was purchased, the defendants were liable, unless they proved that the plaintiff agreed to rely upon the agent; and that the

burden of proving that the plaintiff did so rely, was upon the defendants. This instruction would be unexceptionable, if the defendants had admitted that the purchase was made by the said P. R. Merriam on their account. But this was the principal question at the trial; and much evidence was given by the defendants, tending to prove that the said Merriam, before his purchase of the plaintiff, had ceased to ac' as their agent, and that the purchase was made on his own account. Now the plaintiff was bound to satisfy the jury that said Merriam was the defendants' agent, and that the purchase was made on their account. And if, upon the whole evidence, the jury were in doubt as to either of these facts, the defendants were entitled to a verdict in their favor. The plaintiff was bound to prove a sale to the defendants; and there is nothing, in the case reported, to shift the burden c proof. The jury should have been instructed, that if they doubted whether the sale was made to P. R. Merriam on his own account, or on account of the defendants, he being their agent, they should find for the defendants.

*New trial granted.*